**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X   Case No.

DIANA BELFOR,

                              Plaintiff,                              **COMPLAINT**

        -against-                                                     **CV 15        4862**

EXCEL BUILDERS & RENOVATORS, INC.,                                    **PLAINTIFF DEMANDS**
MATTHEW GOLDFINE, *Individually*, and ADAM                            **A TRIAL BY JURY**
GOLDFINE *Individually*,

                              Defendants.                             **MAUSKOPF, J.**

-----------------------------------------------------------------X    **POLLAK, M.J.**

FILED
CLERK
2015 AUG 19  AM 8:44
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

        Plaintiff, DIANA BELFOR, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at

Law, PLLC, hereby complains of the Defendants as follows:

### NATURE OF THE CASE

1.    Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42

      U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of

      1991, Pub. L. No. 102-166 ("Title VII"), and the <u>New York City Human Rights Law</u>,

      New York City Administrative Code § 8-502(a), *et. seq.,*  and seeks damages to redress

      the injuries she has suffered as a result of being **Discriminated Against on the basis of**

      **her Gender**, and **Retaliated Against** by her employer.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§

      1331 and 1343.

3.    The Court has supplemental jurisdiction over the claims of Plaintiff brought under state

      law pursuant to 28 U.S.C. §1367.

4.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon Defendants'
      principal place of business within the Eastern District of New York.

## PROCEDURAL PREREQUISITES

5.    Plaintiff filed charges of discrimination upon which this Complaint is based with the
      Equal Employment Opportunities Commission ("EEOC").

6.    Plaintiff received a Notice of Right to Sue from the EEOC, dated August 14, 2015, with
      respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7.    This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8.    That at all times relevant hereto, Plaintiff DIANA BELFOR ("BELFOR") was a resident
      of the State of New York and the County of Richmond.

9.    That at all times relevant hereto, Defendant EXCEL BUILDERS & RENOVATORS
      INC. ("EXCEL") was and is a foreign business corporation, duly existing pursuant to, and
      by virtue of, the laws of the State of New Jersey doing business in New York, with its
      principal place of business located at 249 Smith Street, #141, Brooklyn, New York,
      11231.

10.   That at all times relevant hereto, Plaintiff BELFOR was an employee of Defendant
      EXCEL.

11.   That at all times relevant hereto, Defendant MATTHEW GOLDFINE ("MATTHEW")
      was and is an employee of Defendant EXCEL, holding the position of "Chief Executive
      Officer."

12.   That at all times relevant hereto, Defendant MATTHEW was Plaintiff BELFOR's

2

12.    That at all times relevant hereto, Defendant MATTHEW was Plaintiff BELFOR's supervisor and had supervisory authority over Plaintiff BELFOR.

13.    That at all times relevant hereto, Defendant ADAM GOLDFINE ("ADAM") was and is an employee of Defendant EXCEL, holding the position of "Director of Operations."

14.    That at all times relevant hereto, Defendant ADAM was Plaintiff BELFOR's supervisor and had supervisory authority over Plaintiff BELFOR.

15.    That at all times relevant hereto, Defendant EXCEL, Defendant MATTHEW, and Defendant ADAM, are collectively referred to herein as "Defendants."

## MATERIAL FACTS

16.    On or about January 26, 2015, Plaintiff BELFOR began working for Defendants as a "Project Engineer," earning approximately $65,000.00 per year.

17.    Throughout Plaintiff BELFOR's employment with Defendants, she was an exemplary employee.

18.    However, throughout her tenure with Defendants, Plaintiff BELFOR was consistently discriminated against by Defendants solely due to Plaintiff BELFOR's gender (female), by refusing to provide her with necessary training that was and is offered to her male counterparts, which also created an extremely hostile and intimidating work environment.

19.    Moreover, Defendants then retaliated against Plaintiff BELFOR for objecting to and complaining about Defendants unlawful discriminatory conduct.

20.    By way of example, on or around January 26, 2015, Plaintiff BELFOR's first day on the job, her direct supervisor, Mr. Aris Lendo, in response to Plaintiff inquiring about office supplies, stated **"Robert usually orders supplies for this office, but since you _girls_ love to shop, you would be better at it and you should do it from now on."**

3

21.    Plaintiff BELFOR was insulted and embarrassed by this comment, as no other male Project Engineer was expected to order office supplies.

22.    On or about January 26, 2015, Plaintiff BELFOR asked Mr. Lendo for guidance and assistance in learning Defendants' protocols and procedures in completing certain tasks. Mr. Lendo responded by saying that Plaintiff should talk to Defendants MATTHEW and ADAM about proper training.

23.    On or around January 28, 2015, during Plaintiff BELFOR's third day, Mr. Lendo indicated to Plaintiff that she was expected to attend a Project Manager meeting at 11am with Defendants MATTHEW and ADAM and prepare certain project reports for the meeting.

24.    Plaintiff BELFOR was wholly unfamiliar with the project reports, did not have prior access to the project reports, or have any knowledge in how to prepare the project reports. Accordingly, Plaintiff requested assistance from Mr. Lendo in preparing the project reports. In response, Mr. Lendo advised that Plaintiff request help from Mr. Gerardo Martinez.

25.    Plaintiff BELFOR requested the assistance of Mr. Martinez, who stated that he was busy and did not have the time to show Plaintiff how to prepare said project reports and documents for the meeting with Defendants.

26.    Nonetheless Plaintiff BELFOR set out to prepare and complete the requested project reports to the best of her ability without any prior training or assistance.

27.    On or around January 28, 2015, during the Project Manager meeting Defendants MATTHEW and ADAM criticized Plaintiff BELFOR for not preparing the project reports to their satisfactory.  Plaintiff explained that she was never trained in how to

4

prepare the project reports and that she was having difficulty in preparing the project reports because Defendants do not use industry standard construction software.

28. At this time, Plaintiff BELFOR took the opportunity to ask Defendants ADAM and MATTHEW for training to which Defendants responded that they would set something up for the following week. Unfortunately, Defendants neglected Plaintiff's request and never arranged training for Plaintiff.

29. On or around January 30, 2015, while at work Plaintiff BELFOR was conversing with a group of co-workers regarding her lack of training and a co-worker, Peter, exclaimed to another male co-worker **"It takes a 'cock-alicious' attitude to get these jobs done, my brother."** Plaintiff was offended by the comment and let Peter know that the comment was inappropriate to which he responded "You'll get used to it."

30. Later that evening on or about January 30, 2015, Plaintiff BELFOR complained to Defendant MATTHEW about the discriminatory exchange with Peter to which he agreed that he would talk to the group to discourage that sort of behavior. However, Defendants failed to take immediate corrective action and Plaintiff continued to suffer discriminatory behavior at the hands of Defendants.

31. On or about February 4, 2015, during a PM meeting with Defendants MATTHEW and ADAM, Plaintiff BELFOR again requested training. Plaintiff explained that despite completing the project reports for this meeting, she spent excessive amount working on the projects reports as she has not yet received proper training in how to prepare them accurately.

32. In response to Plaintiff BELFOR's request for training, Defendant MATTHEW indicated that he would schedule training for later that day. Unfortunately, Defendant MATTHEW

5

failed to schedule training as promised.

33. On or around February 9, 2015 Plaintiff BELFOR requested training from Defendant MATTHEW, who indicated that he did not have time at the moment and suggested that Plaintiff has a specific question to just ask someone. Plaintiff explained that she attempted "just asking someone else," however that was inadequate as most are either too busy to assist or provide erroneous information.

34. On or about February 12, 2015, Defendant ADAM finally scheduled a telephonic "Onboard Meeting" with Plaintiff BELFOR, which Plaintiff understood to be the training she has been requesting. However, this meeting was unproductive as Defendant ADAM only met with Plaintiff for one-hour and simply discussed the importance of certain tasks but failed to go over the specific protocols and procedure in accomplishing said tasks.

35. During the Onboard Meeting, Plaintiff BELFOR asked about specific procedures and protocols such as the "sub-contracting invoicing" as she has been learning through trial and error since she was never shown how to prepare the "sub-contracting invoicing." At this point Defendant ADAM cut the meeting short, indicated that that he was getting another call and that they would "continue this at another time." However, Defendants failed to reschedule the Onboard Meeting and never expounded on the specific protocols and procedures in completing tasks.

36. On or about February 13, 2015 Plaintiff BELFOR noticed that the lightbulb in the bathroom was out and advised Defendant MATTHEW that the lightbulb needed to be replaced. Otherwise, she would be forced to utilize the facilities with the door open to let light into the bathroom, to which a male co-worker stated **"Let's not [replace the lightbulb], this is a great way for us to get to know you, Diana." This comment was**

6

**made in earshot of Defendant MATTHEW who failed to correct this discriminatory behavior and instead condoned the behavior by laughing.**

37.  Plaintiff was humiliated by this blatant discriminatory comment, which was exacerbated by Defendant MATTHEW's complicity.

38.  Again on or about February 23, 2015, Defendant MATTHEW reprimanded Plaintiff BELFOR for adding his digital signature on a draft change order. Plaintiff explained that the template that was provided to her included his digital signature and Mr. Lendo instructed Plaintiff to include Defendant MATTHEW's digital signature on all draft change orders.

39.  Defendant MATTHEW was infuriated by Plaintiff BELFOR's response as this was purportedly not Defendants' usual business practice although it was how Mr. Lendo directed Plaintiff in how to prepare draft change orders. Defendant MATTHEW stated **"I know you're a blonde, but now you're a fucking retard too."** Plaintiff was humiliated by Defendant MATTHEW's comment, which was loudly spoken in front of various co-workers.

40.  Plaintiff BELFOR reminded Defendant MATTHEW that she has on numerous occasions requested for training, which has been ignored by him. Plaintiff explained that due to a lack of training the only way she can complete her tasks is by taking direction from her direct supervisor, Mr. Lendo, even though his guidance is incorrect.

41.  On or about February 24, 2015, during a project managers' meeting, Defendant ADAM announced that a new project engineer would be starting who was expected to start the following week. Defendant identified the new hire's name as **"Raymond – El Hispanic-o – 'Ramano,'"** which prompted a few other co-workers to make several insensitive

7

**and discriminatory jokes about his Hispanic name.**

42. On or about March 2, 2015, Plaintiff BELFOR arrived to work and noticed the new Project Engineer, Raymond, started his employment with Defendants. Plaintiff also noticed that Raymond was shadowing Charlie Seidner, a fellow Project Engineer, who was training Raymond. The training continued throughout the entire day where Mr. Seidner showed Raymond Defendants' protocols and procedures in completing project engineers' day to day tasks. This was frustrating for Plaintiff to witness as she had been requesting similar training from Defendants to no avail.

43. On or about March 2, 2015, at the end of the workday, Plaintiff BELFOR asked Defendant MATTHEW why she was being treated differently from her male counterparts. Plaintiff expressed her disdain in requesting training for the past 6 (six) weeks that was ignored, but Raymond, a new **male project engineer** received training and shadowed Mr. Seidner on his first day.

44. **Plaintiff BELFOR's complaints of gender discrimination infuriated Defendant MATTHEW who shouted "Who the fuck do you think you are," waving his hands in Plaintiff's face.** Defendant's behavior intimidated Plaintiff and caused her to put a chair between herself and the Defendant and requested that he calm down. However, Defendant was passed the point of being pacified; so Plaintiff called her boyfriend, Robert Tedeschi, who was waiting outside Defendants' office to pick her up from work, to come inside and quell the situation.

45. Mr. Tedeschi came into the office and attempted to calm Defendant MATTHEW. Mr. Tedeschi tapped Defendant on his shoulder and requested that he step outside to calm down. Defendant agreed and followed Mr. Tedeschi outside. **Defendant then turned to**

**Mr. Tedeschi and asked "Is she getting her period?"** Defendant MATTHEW's discriminatory comment further humiliated and offended Plaintiff and at that point she left the premises with Mr. Tedeschi.

46.     On or about March 3, 2015 Plaintiff BELFOR emailed Defendant ADAM complaining of Defendant MATTHEW's gender discriminatory behavior. Plaintiff pointed to her numerous requests for training that was ignored by Defendants; however, a fellow male Project Engineer was offered training on his first day. Plaintiff also explained that after her complaints of gender discrimination to Defendant MATTHEW, he became aggressive and intimidating by shouting at her. Plaintiff ended the email by requesting Defendant ADAM's advice on how to proceed in finding a resolution to the discrimination she has suffered throughout her employment with Defendants.

47.     On or about March 6, 2015, Defendant ADAM responded to Plaintiff BELFOR's complaints of gender discrimination via email by terminating her employment due to the March 2, 2015 incident.

48.     This reason is clearly **pretextual**, as Defendant MATTHEW was the aggressor during the March 2, 2015 incident merely because Plaintiff complained of gender discrimination.

49.     **Based upon the close temporal proximity**, it was clear to Plaintiff BELFOR that she was unlawfully terminated solely in retaliation for complaining of gender discrimination.

50.     Plaintiff BELFOR was subjected to such a discriminatory, hostile and abusive work environment that no reasonable person in Plaintiff BELFOR's shoes should or could be expected to endure.

51.     Plaintiff BELFOR felt offended, disturbed, and humiliated by the illegal gender discrimination and retaliation.

52.   Defendants created a hostile working environment, which unreasonably interfered with Plaintiff BELFOR's work environment.

53.   Plaintiff BELFOR was regularly exposed to a discriminatory and hostile work environment by Defendants.

54.   Plaintiff BELFOR began to suffer anxiety and depression as a result of Defendants' gender discrimination and retaliation.

55.   But for the fact that Plaintiff BELFOR is a female, Defendants would not have discriminated against her.

56.   **But for the fact that Plaintiff BELFOR complained about Defendants gender discrimination, Defendants would not have terminated her employment.**

57.   Defendants' actions and conduct were intentional and intended to harm Plaintiff BELFOR.

58.   The above are just some of the acts of gender discrimination and retaliation that Plaintiff BELFOR experienced on a regular and continual basis while employed by Defendants.

59.   Plaintiff BELFOR's performance was, upon information and belief, above average during the course of her employment with Defendants.

60.   Plaintiff BELFOR has been unlawfully discriminated against, retaliated against, humiliated, degraded and belittled, and as a result, suffers loss of rights, emotional distress, loss of income, earnings and physical injury.

61.   As a result of Defendants' actions, Plaintiff BELFOR feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

62.   As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff BELFOR, Plaintiff BELFOR has suffered severe emotional distress and physical

ailments.

63.     As a result of the acts and conduct complained of herein, Plaintiff BELFOR has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff BELFOR has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.   Plaintiff BELFOR has further experienced severe emotional and physical distress.

64.     As a result of the above, Plaintiff BELFOR has been damaged in an amount which exceeds the jurisdiction limits of the Court.

65.     Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff BELFOR demands Punitive Damages as against all Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

66.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants.  Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (female).

68.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender (female).

11

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## <u>(Not Against Individual Defendants)</u>

69.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

70.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

71.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## <u>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE</u>

72.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73.     The New York City Administrative Code §8-107(1) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, *gender*, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to

discriminate against such person in compensation or in terms, conditions or privileges of employment." (emphasis added).

74.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender (female).

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

75.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

76.    The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

77.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

78.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

79.    The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

14

80.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

81.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

82.     New York City Administrative Code §8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

     a.    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

     b.    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

          1.    the employee or agent exercised managerial or supervisory responsibility; or

          2.    the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

> 3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.
>
> c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

83. Defendants violated the section cited herein as set forth.

## JURY DEMAND

84. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*, and the New York City Human Rights Law, Administrative Code § 8-107 *et seq.* in that Defendants discriminated against Plaintiff on the basis of her gender, and retaliated against Plaintiff for objecting to, and complaining about, Defendants' gender discrimination;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful gender discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

15

E.     Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
       August 17, 2015

                                        PHILLIPS & ASSOCIATES,
                                        ATTORNEYS AT LAW, PLLC

                        By:     _J. Maldonado._
                                Jessenia Maldonado, Esq.
                                *Attorneys for Plaintiff*
                                45 Broadway, Suite 620
                                New York, New York 10006
                                (212) 248-7431
                                jmaldonado@tpglaws.com

16

EEOC Form 161-B (11/09)               **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:    Diana Belfor                                                  From:    New York District Office
       101 Daniel Low Terrrace, Apt. #6 H                              33 Whitehall Street
       Staten Island, NY 10301                                        5th Floor
                                          New York, NY 10004

[ ]   *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-02449 | Mabel Tso, Investigator | (212) 336-3762 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin J. Benja*                                              AUG 1 4 2015

Enclosures(s)                   **Kevin J. Berry,**                        *(Date Mailed)*
                              **District Director**

cc:    **Attn**                                              Jessenia Maldonado, Esq.
       Director of Human Resources                      **PHILLIPS & ASSOCIATES, PLLC**
       **EXCEL BUILDERS RENOVATORS, INC.**          45 Broadway, Suite 620
       249 Smith Street, Pmb 141                        New York, NY 10006
       Brooklyn, NY 11231